FILED

09/26/2017

*Ed Smith*
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 16-0648

DA 16-0648

IN THE SUPREME COURT OF THE STATE OF MONTANA

2017 MT 240N

MILAN KANGRGA,

        Plaintiff and Appellant,

    v.

BLAZO GJOREV; TRANSPORTATION EQUIPMENT
CORPORATION; JIM PALMER TRUCKING;
JIM PALMER EQUIPMENT, INC.; JIM PALMER
EQUIPMENT II, LLC; JIM PALMER LOGISTICS, LLC.,

        Defendants and Appellees.

| | |
|---|---|
| APPEAL FROM: | District Court of the Fourth Judicial District,<br>In and For the County of Missoula, Cause No. DV-14-940<br>Honorable John W. Larson, Presiding Judge |

COUNSEL OF RECORD:

        For Appellant:

            Joseph D. Houston, Kevin S. Jones, Christian, Samson & Jones, PLLC,
            Missoula, Montana

        For Appellee Blazo Gjorev:

            Quentin M. Rhoades, Robert Erickson, Rhoades Siefert
            & Erickson, PLLC, Missoula, Montana

        For Appellee Transportation Equipment Corporation:

            Brian J. Smith, Tessa A. Keller, Garlington, Lohn & Robinson, PLLP,
            Missoula, Montana

                       Submitted on Briefs:  August 30, 2017
                            Decided:  September 26, 2017

Filed:

                    _____
                                Clerk

Chief Justice Mike McGrath delivered the Opinion of the Court.

¶1 Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion and shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2 Milan Kangrga (Kangrga) appeals from a jury verdict and subsequent July 25, 2016 District Court order in which each of Kangrga's claims were denied. We affirm.

¶3 On August 25, 2014, Kangrga filed a civil action in the Fourth Judicial District Court, asserting eight claims against Gjorev and Transportation Equipment Corporation (TEC). Only four are at issue on appeal. The counterclaims brought by Gjorev are not at issue here. The claims at issue include tortious interference with business opportunity or prospective economic advantage, breach of contract, civil conspiracy, and intentional interference with contractual or business relations. On July 14, 2016, a jury rendered its verdict in favor of Gjorev and TEC on all accounts. The jury also awarded Gjorev $1,890,000 in punitive damages that were later waived by Gjorev.

¶4 In November 2009, Kangrga and Gjorev purchased Jim Palmer Trucking, Jim Palmer Equipment, Inc., Jim Palmer Equipment II, LLC, and Jim Palmer Logistics, LLC (Palmer entities). Kangrga and Gjorev each held fifty percent of the Palmer entities shares.

¶5 Palmer entities had financial difficulties. The parties agreed that Gjorev would purchase Kangrga's fifty percent interest in Palmer entities for $1,000,000 in a written contract signed on April 26, 2011. The agreement provided that Kangrga's shares could not be transferred until the purchase price was paid in full. Gjorev's last monthly payment was on February 28, 2014. No subsequent payments were made.

¶6 Financial problems continued and in March 2014, Gjorev signed an agreement for the sale of a controlling interest of the Palmer entities to TEC, an asset holding company for an affiliated trucking company, which became effective on March 31, 2014. The TEC funds were then put into the business. However, Kangrga did not have knowledge of the signed agreement between Gjorev and TEC. At the time, the unpaid principal balance due to Kangrga was $595,000.

¶7 On June 30, 2016, the District Court granted Kangrga's Motion for Summary Judgement for breach of contract. However, the issue of damages was left to be determined by a jury. At trial, the jury did not award damages for Kangrga's breach of contract claim, nor did they find in favor of Kangrga with respect to any of his other claims. Kangrga appeals, arguing the jury's findings were not supported by substantial credible evidence.

¶8 When reviewing a jury verdict for purposes of determining whether it is supported by substantial credible evidence, the Court "must view the evidence in the light most favorable to the prevailing party." *Hansen v. Hansen*, 254 Mont. 152, 157, 835 P.2d 748, 751 (1992). "Substantial credible evidence is such evidence which a reasonable mind could accept as adequate to support a conclusion. Evidence is considered substantial

3

even if it is contradicted by other evidence, somewhat less than a preponderance, or inherently weak." *D.R. Four Beat Alliance, LLC v. Sierra Prod. Co.*, 2009 MT 319, ¶ 23, 352 Mont. 435, 218 P.3d 827. It is within the jury's domain to determine the weight and credibility of contradicting evidence. *Hansen*, 254 Mont. at 157, 835 P.2d at 751. It is not our duty to "decide whether the verdict was correct or whether the jury made the right decision." *Campbell v. Canty*, 1998 MT 278, ¶ 17, 291 Mont. 398, 969 P.2d 268 (citing *Wise v. Ford Motor Co.*, 284 Mont. 336, 343, 943 P.2d 1310, 1314 (1997)).

¶9 Although some facts conflicted at trial, we must view them in the light most favorable to Gjorev and TEC, the prevailing parties. Here, the jury was presented with enough evidence to find against Kangrga on all claims. In regards to the breach of contract claim, Kangrga seems to assume that because the District Court instructed the jury to take judicial notice of Gjorev's breach, that the jury should have awarded damages. However, Kangrga had the burden of proof to establish contract damages, which he did not do to the satisfaction of the jury. As to all the claims, Gjorev's attorneys demonstrated that Kangrga had made a number of inconsistent statements throughout the trial process. Gjorev also presented evidence that Kangrga refused offers to purchase stock in Palmer entities, which would have allowed Kangrga to be paid in full years before payment under his agreement with Gjorev was due. The jury also chose to believe the TEC witnesses that TEC did not act with an unlawful purpose, but rather, with a justifiable cause.

4

¶10 Based on our review of the record and the District Court's findings of fact, we find the jury's decision to believe Gjorev and TEC's version of events and their arguments rather than Kangrga's is supported by substantial credible evidence.

¶11 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. In the opinion of the Court, the case presents a question controlled by settled law or by the clear application of applicable standards of review.

¶12 Affirmed.

/S/ MIKE McGRATH

We Concur:

/S/ MICHAEL E WHEAT
/S/ LAURIE McKINNON
/S/ JAMES JEREMIAH SHEA
/S/ DIRK M. SANDEFUR